UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, in its individual and as administrative agent agent for itself and the lenders, </br></br>　　　　　　Plaintiff,</br></br>　vs.</br></br>DAVID J. DUBIN and STUART KANTOFF,</br></br>　　　　　　Defendants. | 11 C 2126 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Plaintiff PNC Bank, National Association's ("PNC") unopposed motion for summary judgment against Defendants David Dubin ("Dubin") and Stuart Kantoff (collectively, "Defendants"). For the reasons set forth below, PNC's motion is granted.

### BACKGROUND[1]

On January 25, 2007, National City Bank ("National City") and Midwest Bank and Trust Co. ("Midwest Bank") (collectively, the "Lenders") entered into a Loan Agreement with 35th & Morgan Development Co. (the "Borrower"). Pursuant to the

---

[1] Defendants failed to respond to PNC's motion for summary judgment. Therefore, all well-supported facts as set forth in PNC's statement of uncontested material facts are deemed admitted. N.D. Ill. L.R. 56.1(b)(3)(C); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

terms of the Loan Agreement, the Borrower executed two promissory notes in favor of the Lenders, the first payable to National City (the "National City Note") and the second payable to Midwest Bank (the "Midwest Bank Note") (collectively, the "Notes"). On the same day, Defendants executed a Limited Guaranty of Payment and Performance (the "Guaranty") under which they guaranteed Borrower's repayment obligations under the Loan Agreement and the Notes (collectively, the "Loan Documents"). National City was the collection and enforcement agent for the Lenders for all promissory notes executed under the Loan Agreement.

The Loan Documents were amended on two separate occasions, and Defendants reaffirmed their obligations under the Guaranty with each amendment. The amendments modified the amounts due under the Loan Documents and extended the maturity date of the loan to November 1, 2010 (the "Maturity Date").

In November 2009, National City merged with PNC and PNC became the successor to all of National City's rights, titles, and interests. In May 2010, FirstMerit Bank, National Association ("First Merit") purchased essentially all of Midwest Bank's assets and became the successor to all of Midwest Bank's rights, titles, and interests, including the Midwest Bank Note.

The Maturity Date passed without full repayment of the amounts due under the Loan Agreement. Shortly thereafter, PNC demanded repayment from Defendants.

Despite these demands, Defendants failed to pay the amounts due under the Loan Agreement.

PNC filed suit on October 31, 2011, to enforce the Guaranty and recover the outstanding amounts owed under the Loan Documents. PNC now seeks summary judgment as to the liability of the Defendants under the Guaranty but does not seek a judgment as to the amount owed at this time.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, discovery, disclosures, and affidavits establish that there is no genuine issue of material fact, such that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Winsley v. Cook Cnty.*, 563 F.3d 598, 602-03 (7th Cir. 2009). A genuine issue of material fact exists when, based on the evidence, a reasonable jury could find in favor of the non-moving party. *Trinity Homes LLC v. Ohio Cas. Ins. Co.*, 629 F.3d 653, 656 (7th Cir. 2010). A non-movant's failure to respond to a motion for summary judgment does not automatically result in a judgment for the movant. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). Rather, the ultimate burden of persuasion remains with the movant to show that it is entitled to judgment as a matter of law. *Id.* In considering a motion for summary judgment, a court construes all facts and draws all reasonable

inferences in favor of the non-moving party. *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2010).

## DISCUSSION

### I. Applicable Law

A federal court sitting in diversity will apply the forum state's choice-of-law rules to determine the applicable substantive law. *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704-05 (7th Cir. 2004) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). In disputes arising under contract law, "Illinois respects the contract's choice-of-law clause as long as the contract is valid and the law chosen is not contrary to Illinois' fundamental public policy." *Id.* (internal citation omitted). The Guaranty contained a choice-of-law provision establishing that Illinois law would govern any disputes arising under the agreement. Because the Guaranty is valid and enforceable, the Court applies Illinois substantive law in considering PNC's motion for summary judgment.

### II. PNC's Standing to Sue

By way of an affirmative defense, Defendants challenge PNC's standing to enforce the Guaranty, alleging that PNC is not the holder of the Loan Documents. Under Illinois law, a cause of action based in contract may only be brought by a party to that contract, someone in privity with such a party, or a third-party beneficiary.

*White Hen Pantry, Inc. v. Cha*, 574 N.E.2d 104, 109 (Ill. App. Ct. 1991). However, privity may arise through the voluntary transfer of contract rights. *Collins Co., Ltd. v. Carboline Co.*, 532 N.E.2d 834, 839 (Ill. 1988) (internal citation omitted). As established by the sworn affidavit of PNC's Vice President David Ruisch ("Ruisch"), National City merged with and into PNC in November 2009 and PNC became the successor to all of National City's rights, titles, and interests. PNC has attached a copy of the Certificate of Merger as further evidence of the merger. Therefore, PNC is in privity with the Borrower and Defendants through National City's voluntary transfer of its contract rights. As National City was the sole collection and enforcement agent under the terms of the Loan Agreement, PNC has standing to enforce the Guaranty.

### III. PNC's Motion for Summary Judgment

To establish a *prima facie* case for enforcement of a guaranty under Illinois law, a plaintiff must provide evidence of the original indebtedness, the debtor's default, and the existence of a valid guaranty. *Mid-City Indus. Supply Co. v. Horwitz*, 476 N.E.2d 1271, 1277 (Ill. App. Ct. 1985); *Gen. Elec. Bus. Fin. Servs., Inc. v. Silverman*, 693 F.Supp.2d 796, 799 (N.D. Ill. 2010) (internal citations omitted). PNC has sufficiently established each of these elements. First, PNC has attached a copy of the executed Loan Agreement, the Midwest Bank Note, and the National City Note, which cumulatively evince the Borrower's indebtedness. Second, Ruisch's affidavit stated that

the Notes matured on November 1, 2010 and that the Borrower defaulted on the Loan Documents by failing to repay all outstanding amounts due. Ruisch also declared that Defendants breached the Guaranty by failing to remit any payments to PNC as required by the Guaranty. Finally, PNC has established the existence of a valid guaranty. A guaranty is a contract and is therefore examined under general principles of contract law. *Bank of Am. Nat'l Trust & Sav. Ass'n v. Schulson*, 714 N.E.2d 20, 24 (Ill. App. Ct. 1999). A contract is valid and enforceable if: (1) there is a valid offer and acceptance; (2) the terms of the contract are definite and certain; and (3) there is consideration. *Zirp-Burnham, LLC v. E. Terrell Assocs., Inc.*, 826 N.E.2d 430, 439 (Ill. App. Ct. 2005). The executed Guaranty indicates both offer and acceptance by the parties to the agreement, and the terms of the Guaranty, spanning fifteen pages, are definite and certain. Finally, the Guaranty is supported by adequate consideration. Where, as here, "a guaranty agreement is executed contemporaneously with the original contract, the consideration for the original contract is sufficient consideration for the guaranty and no new consideration is required. . . ." *L.D.S., LLC v. S. Cross Food, Ltd.*, 954 N.E.2d 696, 708 (Ill. App. Ct. 2011). PNC has therefore established a *prima facie* case for the enforcement of the Guaranty.

Though Defendants have not challenged PNC's motion for summary judgment, they have asserted various affirmative defenses in their answers to PNC's complaint.

However, Defendants have not provided any evidentiary support for these defenses. Because PNC set forth specific facts showing that it was entitled to summary judgment, the burden shifted to Defendants to provide evidence that establishes a triable factual issue. *See Trentadue v. Redman*, 619 F.3d 648, 652 (7th Cir. 2010). Because Defendants have not "set forth specific facts showing that there is a genuine issue for trial" as required by Federal Rule of Civil Procedure 56(c), PNC's motion for summary judgment is granted.

## CONCLUSION

For the reasons set forth above, PNC's motion for summary judgment as to the liability of Defendants is granted.

_____
Charles P. Kocoras
United States District Judge

Dated:  January 5, 2012