# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2126 | **DATE** | 6/13/2013 |
| **CASE TITLE** | PNC Bank, N.A. vs. David J. Dubin et al | | |

**DOCKET ENTRY TEXT**

Ruling held on 6/13/2013. Dubin's motion (Doc [130]) to vacate the judgment pursuant to Rule 59 is granted.

■[ For further details see text below.]  Docketing to mail notices.

00:10

# ORDER

This matter comes before the Court on the motion of Defendant David Dubin ("Dubin") to vacate the turnover order (the "Order") issued against him by this Court pursuant to Federal Rule of Civil Procedure 59. For the following reasons, the motion is granted.

On June 12, 2012, this Court entered judgment in favor of Plaintiff PNC Bank, N.A. ("PNC") against Dubin in the amount of $6,464,473.60. After the issuance of a citation (the "Citation") and subsequent discovery and argument, this Court issued the Order on April 3, 2013, compelling Dubin to turn over certain assets to PNC by April 17, 2013. *See PNC Bank, N.A. v. Dubin*, No. 11 C 2126, 2013 U.S. Dist. LEXIS 48070 (N.D. Ill. Apr. 3, 2013). On April 12, 2013, Dubin moved to vacate this Court's April 3, 2012 Order pursuant to Federal Rule of Civil Procedure 59.

Within ten days of the entry of a judgment, a party may file a motion to alter or amend that judgment. Fed. R. Civ. P. 59(e). To justify relief under Rule 59(e), a movant may present evidence that was not available when the decision was rendered or specify areas in the record that clearly establish that the trial court made a manifest error of law or fact in reaching the challenged decision. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996). Alternatively, the movant could demonstrate a change in the controlling law that occurred between the entry of the judgment and the filing of the motion. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (1998). A losing party is not allowed to present arguments that were available in the prior proceedings but were not raised in that context. *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995). Neither does Rule 59 provide a vehicle for raising factual matters that were previously available but not brought to the attention of the court. *Id.* at 1267. Rather, Rule 59(e) gives the district court the opportunity to correct manifest errors before the case proceeds into unnecessary appellate proceedings. *Sosebee v. Astrue*, 494 F.3d 583, 589 (7th Cir. 2007).

| ORDER |
|---|

   Dubin seeks vacatur on two grounds: (i) the Citation was statutorily deficient because it did not contain the Income and Asset Form at the time it was issued and served upon Dubin as required by Illinois law; and (ii) this Court did not provide adequate procedures for addressing adverse claims made against Dubin's assets that the Order required Dubin to turn over to PNC.  As the Court concurs with Dubin's first argument, the notice issue will not be addressed.

   Federal Rule of Civil Procedure 69 requires federal courts to apply "the law of the forum state" in choosing the procedures to enforce federal court judgments.  *Cacok v. Covington*, 111 F.3d 52, 53 (7th Cir. 1997).  In Illinois, supplementary proceedings to enforce a judgment are governed by section 5/2-1402 of the Illinois Code of Civil Procedure.  735 Ill. Comp. Stat. Ann. 5/2-1402.  On July 25, 2012, an amendment to section 5/2-1402 took effect which is dispositive of the instant motion.  Under the revised section, any citation served upon a debtor who is a natural person shall include a copy of the Income and Asset Form set forth in subsection (b-5).  735 Ill. Comp. Stat. Ann. 5/2-1402(b-1).  If a citation is directed to a judgment debtor who is a natural person, no payment order shall be entered under subsection (c) unless the Income and Asset Form was served upon the judgment debtor as required by subsection (b-1).  735 Ill. Comp. Stat. Ann. 5/2-1402(c-5).

   The Citation was issued on August 6, 2012, and Dubin was served with the citation on September 3, 2012.  A fortiori these dates place the citation within the ambit of the July 25, 2012 amendment.  PNC avers that it "substantially" complied with the new requirements, but the Court is not satisfied that PNC attached an acceptable equivalent of the Income and Asset Form to the Citation.  PNC has impermissibly attempted to serve Dubin with a new citation containing the Income and Asset Form sans leave of this Court to do so.  Leave of this Court is necessary if PNC wishes to serve new citations in the instant litigation.

   The Court also rejects PNC's argument that Dubin has waived this issue, for the Court specifically invited briefing on this issue at oral argument.  Hence, Dubin properly preserved it, as this Court stayed enforcement of its April 3 ruling for fourteen days to allow the filing of the instant motion.  One factor in determining an issue of waiver involves the time at which the opposing party was placed on notice of the argument.  *Hernandez v. Cook Cnty. Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011).  PNC was placed on notice of the argument regarding the Citation's deficiency at the hearing prior to the commencement of the briefing of the instant motion.  Hence, the Court's consideration of that argument now will not prejudice PNC.  *Cf. GE Betz, Inc. v. Zee Co.*, No. 12-3746, 2013 U.S. App. LEXIS 9047, at *54-58 (7th Cir. May 3, 2013).

   For the foregoing reasons, Dubin's motion to vacate the judgment pursuant to Rule 59 is granted.

**Date: June 13, 2013**

                                          **CHARLES P. KOCORAS**
                                          **U.S. District Judge**